JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Nicholas Phipps ("defendant"), appeals from the lower court's decision that denied his motion to withdraw his guilty plea as well as from the sentence imposed upon him for felonious assault. For the reasons that follow, we affirm.
 {¶ 2} Defendant was indicted on charges of attempted murder, felonious assault, and rape. The charges stem from an incident where a group of individuals severely beat a man. It is undisputed that defendant was present during the attack.
 {¶ 3} After many pretrials, defendant reached a plea agreement with the State as documented by the January 7, 2005 court hearing. In exchange for pleading guilty to felonious assault and cooperating with the State on charges against co-defendants, the State agreed to dismiss the attempted murder and rape counts. The State further agreed to recommend a seven-year sentence and a six-year sentence if defendant cooperated in the case against his co-defendant.
 {¶ 4} Prior to accepting defendant's plea, the trial court questioned defendant concerning his plea. Defendant denied being threatened to enter the plea. He confirmed his satisfaction with his legal representation. The court also reviewed defendant's constitutional rights and the consequences of his guilty plea. Defendant was advised that by pleading guilty he faced a prison term between two and eight years, notwithstanding the State's recommendations concerning sentencing. Specifically, the court informed defendant as follows: "* * * there is an agreed sentence here. Court has, by law, complete sentencing discretion. I can follow the recommendation of the State of Ohio regarding sentencing. I just wanted you to understand that I'm not promising you a particular sentence in order to get you to enter into this plea agreement."
 {¶ 5} Defendant filed a motion to withdraw his guilty plea prior to sentencing. The trial court addressed this motion at a hearing in February 2005 and prior to sentencing. Defense counsel argued the motion and relevant law. Defendant's motion was based on his "true belief that his acts and/or omissions did not rise to a level of felonious assault * * * that he feels that the advice that [defense counsel] gave him with regard to the facts and the elements of the case and the possible outcomes of the case are not correct." Defendant also claimed he made a hasty decision by entering the plea because he was under stress after learning of his girlfriend's seven-year prison sentence that week.
 {¶ 6} The State indicated that defendant was not pressured or coerced to enter a plea. Instead, they conducted numerous pretrials since the inception of the case in September 2005. The State detailed specifics of plea discussions, including defense counsel's attempt to secure a reduction of charges to aggravated assault, a fourth-degree felony. Further, defendant completed a written statement as a condition of, and prior to, entering the plea.
 {¶ 7} The trial court then advised defendant of the consequences of withdrawing his guilty plea, including that he would be required to defend not only the felonious assault but also the attempted murder and rape charges.
 {¶ 8} The trial court indicated the extensive and numerous conversations among the court and counsel regarding a potential resolution of the matter. As such, the trial court rejected defendant's claims of pressure to enter the plea as unpersuasive and denied the motion to withdraw his guilty plea.
 {¶ 9} The matter proceeded to sentencing. The State recommended a six-year sentence. Defendant said he was sorry for "the situation that happened" because he lost a lot over "the whole act" and that he wished it would have never happened. In imposing sentence, the trial court indicated it had reviewed all the evidence, including a videotape of the beating, which the court found to be overwhelmingly against defendant. The trial court referenced the pleas entered by some of the co-defendants; one who received a seven-year prison sentence and the other received a nine-year prison sentence. The trial court found that defendant expressed no remorse but was "just sorry for losing his time" and not for the injuries the victim sustained. The trial court felt it was very clear that defendant took part in a very violent attack on a defenseless human being.
 {¶ 10} The trial court found it was the worst form of the offense as the victim was beat to a point of near death and was left for dead but for the intervention of the police force. Defendant had a prior felony record including drug trafficking and theft. Defendant also had a juvenile record including an assault case. The trial court imposed the maximum sentence of eight years.
 {¶ 11} Defendant's appeal raises three assignments of error, which we will address in the order asserted and together where it is appropriate for discussion.
 {¶ 12} "I. The trial court abused its discretion by denying appellant's motion to withdraw his plea.
 {¶ 13} "II. The trial court abused its discretion by failing to give full and fair consideration to the plea withdrawal request and a complete and impartial hearing."
 {¶ 14} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which state:
 {¶ 15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 16} The general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality. State v. Peterseim (1980), 68 Ohio App.2d 211, 214, citing Barker v. United States (C.A. 10, 1978), 579 F.2d 1219,1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie
(1992), 62 Ohio St.3d 521. In ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id.
 {¶ 17} The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering the plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 18} Defendant's claim that the trial court made a decision to deny the motion to withdraw prior to the hearing is without merit. The trial court clearly held a full hearing and afforded every party an opportunity to be heard on defendant's motion to withdraw his guilty plea. That the trial court said it would consider the motion prior to sentencing reflects the court's understanding of the motion's procedural priority and cannot fairly be considered a predisposition to deny the motion. Accordingly Assignment of Error II is overruled.
 {¶ 19} The basis of defendant's motion to withdraw was that he felt pressured and did not believe his acts or omissions amounted to felonious assault despite his presence during the attack. Defendant made general reference to the fact that he did not believe the advice of his counsel concerning "the facts and the elements of the case and the possible outcomes of the case." The State suggested that defendant did not fully comprehend the implication of complicity. Whatever the case, we are not favored with the specifics of what exactly defendant did not understand or what advice of counsel he did not believe. The plea hearing adequately established that defendant knowingly, intelligently, and voluntarily entered his plea. The trial court was not persuaded by defendant's proffered reasons to vacate his plea due to the extensive discussions among the court and counsel towards resolution of the case. On review, we cannot find anything in the record to indicate that the trial court abused its discretion by denying defendant's motion to vacate his plea. Accordingly, Assignment of Error I is overruled.
 {¶ 20} "III. The trial court erred in sentencing the defendant-appellant to the maximum penalty of eight years when his findings and reasons to support the maximum sentence were improper."
 {¶ 21} In his third assignment of error, defendant maintains that the trial court erred in sentencing him to a maximum sentence. We disagree.
 {¶ 22} Defendant pled guilty to felonious assault, which is a second-degree felony. A trial court may impose a sentence of two to eight years. R.C. 2929.14(C) permits the court to impose the maximum term of eight years imprisonment if it finds the offender has committed the worst form of the offense or imposes the greatest likelihood of committing future crimes. In determining the length of a sentence, the court must comply with the purposes and principles of sentencing enumerated in R.C. 2929.11, bearing in mind the seriousness and recidivism factors listed in R.C.2929.12.
 {¶ 23} An appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2); State v.Garcia (1998), 126 Ohio App.3d 485, 487. When reviewing the propriety of the sentence imposed, an appellate court shall examine the trial court record, including the presentence investigative report, and any oral or written statements made to or by the court at the sentencing hearing. R.C.2953.08(F)(1)-(4).
 {¶ 24} Defendant does not suggest that the trial court failed to make the findings and reasons necessary for imposing a maximum sentence. He does claim, however, that the trial court's decision to impose the maximum sentence was not for the numerous reasons placed on the record by the trial court but was instead a result of defendant filing a motion to withdraw his guilty plea. We do not agree. The trial court was not threatening defendant by explaining to him the possible consequences of withdrawing his guilty plea, which were all correct and important for defendant to understand.
 {¶ 25} Further, contrary to defendant's assertions it is not evident that the judge endorsed the plea/sentence agreement. At the plea hearing, the judge clearly advised defendant that he had complete discretion over sentencing regardless of any recommendations by the State. Defendant was informed that his guilty plea would subject him to a possible prison sentence between two and eight years.
 {¶ 26} Finally, defendant suggests that the trial court erred by finding this to be the worst form of felonious assault. Defendant refers us to a quotation from the record of his own attorney's opinion that defendant's acts were less than the other defendants. This does not overcome the opinion of the trial court who explicitly stated it had reviewed the evidence, including a videotape of the beating. The findings and reasons articulated by the trial court for imposing the maximum sentence are supported by the record. Accordingly, Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, J., and Patricia A. Blackmon, J.concur.