OPINION
{¶ 1} Defendant-appellant Scranton Buchanan appeals from his conviction in the Mahoning County Common Pleas Court for rape, R.C. 2907.02(A)(1)(b) (first degree felony), and gross sexual imposition, R.C. 2907.05(A)(4) (third degree felony). Appointed appellate counsel filed a no-merit brief in accordance withState v. Toney (1970), 23 Ohio App.2d 203. Thus, the issue presented in this case is whether the appeal is frivolous. After conducting an independent review of this case, we find that the appeal is not frivolous and there exists one meritorious issue which deals with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Accordingly, the conviction is affirmed. However, appellant's sentence is reversed and vacated and this case is remanded for resentencing.
 STATEMENT OF FACTS AND CASE {¶ 2} On June 26, 2003, Buchanan was indicted on three counts of rape, violations of R.C. 2907.02(A)(1)(b), and three counts of gross sexual imposition, violations of R.C. 2907.05(A)(4). Counts one, two and three, the rape counts, were felonies that were punishable by life imprisonment. Counts four, five and six were third degree felonies. The victim to all these counts was Jameelah Wylie, who was under 10 years old when the crimes occurred.
 {¶ 3} Buchanan was arraigned on July 17, 2003, and at that time entered a plea of not guilty. On January 11, 2005, after discovery, two motions and hearings to determine Buchanan's competency, two superceding indictments, and multiple motions to continue, Buchanan and the state entered into a plea agreement.
 {¶ 4} Pursuant to the plea agreement, the state moved to strike the language in the first three counts of the indictment that stated "and further find that Jameelah Wylie was less than ten years of age or that Scranton Buchanan compelled her to submit by force or threat of force." 01/11/05 J.E. Striking this language from the indictment dismissed the potential for life in prison and rendered counts one, two and three first degree felonies. The trial court granted the motion to strike. 01/11/05 J.E. Buchanan then pled guilty to all counts in the amended indictment. 01/11/05 Tr. 23.
 {¶ 5} Sentencing was set for March 18, 2005. The state recommended an eight year sentence on each offense as set forth in counts one and two. It recommended that those sentences be served consecutively. On count three, it recommended three years. On counts four through six, it recommended one year a piece. It then recommended that counts three through six run concurrent with the sentences for counts one and two. Thus, the state recommended a total of 16 years in prison.
 {¶ 6} The trial court sentenced Buchanan to 16 years in prison. However, instead of strictly following the state's recommendation it ordered the following:
 {¶ 7} "[E]ight (8) years on Count 1, eight (8) years on Count 2 to be served consecutively with Count 1 and eight (8) years on Count 3 to be served concurrently with Count 1 and Count 2, and on Counts 4, 5, and 6 one (1) year on each count to be served concurrently with each other and with Counts 1, 2 and 3." 03/21/05 J.E. (underline in original).
 {¶ 8} Following that sentence, appellate counsel was appointed. On December 29, 2005, counsel filed a no merit brief, i.e. a Toney brief.
 ANALYSIS {¶ 9} In Toney, this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 10} "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 11} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 12} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 13} "* * *
 {¶ 14} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Toney, 23 Ohio App.2d 203, syllabus.
 {¶ 15} As stated above, the Toney brief was filed by counsel on December 29, 2005. On March 29, 2006, we informed Buchanan of counsel's Toney brief and granted him 30 days to file a written brief. As of date, Buchanan has not filed a pro se brief. Thus, we will proceed to independently examine the record to determine if the appeal is frivolous.
 {¶ 16} A cursory glance of the docket in this case may raise a suspicion that Buchanan's speedy trial rights, either statutory or constitutional, may have been violated. Yet, in State v.Synder, 7th Dist. No. 03MA152, 2004-Ohio-3366, we explained that by entering a guilty plea appellant waives any claim to raise on appeal that his speedy trial rights were violated.
 {¶ 17} "A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). `By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.' State v. Barnett (1991),73 Ohio App.3d 244, 248, quoting United States v. Broce (1989), 488 U.S. 563,570. Thus, the plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Barnett, quoting Menna v. NewYork (1975), 423 U.S. 61. This also includes the right to claim that the accused was not provided a speedy trial as required by law. Montpelier v. Greeno (1986), 25 Ohio St.3d 170. This includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, `except to the extent the defects complained of caused the plea to be less than knowing and voluntary.' Barnett at 249." Synder, 2004-Ohio-3366, ¶ 13.
 {¶ 18} Thus, Buchanan's guilty plea waived his ability to raise any speedy trial issues, as long as the plea was entered into knowingly, voluntarily, and intelligently.
 {¶ 19} In order for a plea to be entered into knowingly, voluntarily and intelligently, Crim.R. 11 must be followed. Crim.R. 11(C) sets forth the requirements in felony cases. InState v. Martinez, 7th Dist. No. 03MA196, 2004-Ohio-6806, ¶ 12, this court explained Crim.R. 11(C) and its requirements:
 {¶ 20} "A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. [Boykin v.Alabama (1969), 395 U.S. 238], 243-44. Strict compliance is also required when waiving the right of compulsory process. State v.Ballard (1981), 66 Ohio St.2d 473, 477. However, substantial compliance with Crim.R. 11(C) is sufficient when waiving non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108. The nonconstitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b);State v. Philpott (Dec. 14, 2000), 8th Dist. No. 74392, citingMcCarthy v. U.S. (1969), 394 U.S. 459, 466. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero, 56 Ohio St.3d at 108." Id.
 {¶ 21} A review of the 27 page transcript indicates that Buchanan's plea conformed with Crim.R. 11(C). Buchanan was informed that by entering the guilty plea he was waiving his right to have the state prove its case beyond a reasonable doubt, the right to a jury trial, the right to subpoena (compulsory process), the right against self incrimination, and the right to confrontation. 01/11/05 Tr. 12-14. Buchanan was also informed of the nature of the charges against him. 01/11/05 Tr. 5-10. The trial court additionally indicated that even though it was not going to proceed to judgment and sentencing, that it could. 01/11/05 Tr. 14-16. Buchanan was additionally informed of the maximum penalty. 01/11/05 Tr. 10-11, 16-17. Lastly, the trial court asked if he had been coerced in any way and if he entered the plea on his own free will. 01/11/05 Tr. 19-20. Buchanan indicated that he was not coerced or threatened and that he entered the plea freely. 01/11/05 Tr. 19-20. In addition to all the above advisements, the record in this case displays that the trial court took exceptional care in determining that Buchanan made the plea knowingly.
 {¶ 22} Consequently, considering all the above, the guilty plea was entered into intelligently, knowingly, and voluntarily. Thus, the entering of a valid guilty plea waives any speedy trial issues. Therefore, no meritorious issues exist as to speedy trial or the entering of the plea.
 {¶ 23} As such, our analysis must now turn to sentencing. Buchanan was sentenced for three first degree felonies and three third degree felonies. On each first degree felony, Buchanan received an eight year sentence. On each of the third degree felonies, Buchanan received a one year sentence. None of these sentences were maximum sentences, however, the trial court did order two of the sentences to be served consecutively. It stated:
 {¶ 24} "The Court considered the record, oral statements and the pre-sentence investigation, as well as the principles and purposes of sentencing under ORC § 2929.11 and has balanced the seriousness of the crime and recidivism factors under ORC §2929.12. The Court finds Defendant is not amenable to community control, that a consecutive sentence is necessary to protect the public from future crime and to punish the offender, all of which are demonstrated by the offender's criminal history. Consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and that the multiple offenses were so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct." 03/21/05 J.E.
 {¶ 25} Thus, the trial court made findings in accordance with R.C. 2929.14(E) for the imposition of consecutive sentences. However, recently in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the Ohio Supreme Court held that the provision of the Revised Code relating to nonminimum (R.C 2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive (R.C. 2929.14(E)(4)) sentences are unconstitutional because they require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraphs one and three of the syllabus. The Ohio Supreme Court's decision was based upon the United States Supreme Court's decisions in Blakely v.Washington (2004), 542 U.S. 296 and United States v. Booker
(2205), 543 U.S. 220.
 {¶ 26} The Ohio Supreme Court, after finding R.C.2929.14(B)(C)(E)(4) unconstitutional, determined that those portions were capable of severance. Foster, 109 Ohio St.3d 1, at paragraphs two and four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 27} The implication of Foster is that trial courts are no longer required to give reasons or findings prior to imposing maximum, consecutive, and/or nonminimum sentences; it has full discretion to impose a sentence within the statutory range. Id. at ¶ 100. However, if a trial court does state findings and reasons for imposing maximum, consecutive and/or nonminimum sentences, the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing in order for the sentencing to comport with Foster. Id. at ¶ 104.
 {¶ 28} The Ohio Supreme Court explained:
 {¶ 29} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 30} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117." Id. at ¶ 104-105.
 {¶ 31} Thus, considering the Foster mandates, since the trial court made R.C. 2929.14(E) findings, the sentence must be vacated and the cause remanded for resentencing.
 {¶ 32} That said, the Ninth and Tenth Appellate District have found that Foster issues in some situations are waived if they are not raised to the trial court. State v. Silverman, 10th Dist. Nos. 05AP-837, 05AP-838, 05AP839, 2006-Ohio-3826, ¶139-141; State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1820. The Sixth Appellate District, however, has determined that the principles of waiver are inapplicable in the Foster analysis.State v. Brinkman, 6th Dist. No. WD-05-058, 2006-Ohio-3868. The situations in which these districts are addressing waiver are where the defendant was sentenced after Blakely was decided and failed to raise Blakely and it principles to the sentencing court. The matter at hand is one of those situations. Buchanan was sentenced post-Blakely and the record is devoid of any indication that Buchanan raised any Blakely issue with the sentencing court. Accordingly, we must determine whether the principles of waiver are applicable in this situation.
 {¶ 33} The Ohio Supreme Court addressed waiver in theFoster opinion. However, the defendants in Foster were sentenced pre-Blakely. The Foster holding clearly indicates that if a defendant had been sentenced prior to the decision inBlakely and does not make an argument about the potential unconstitutionality of Ohio's felony sentencing scheme, the argument is not waived. Foster, at ¶ 30-33. However, Foster
does not speak to the situation where a defendant was sentenced after Blakely was decided and failed to raise issues concerningBlakely and Ohio's felony sentencing scheme.
 {¶ 34} As stated above, the Ninth and Tenth Appellate Districts have stated that defendants sentenced post Blakely
and did not raise Blakely to the sentencing court have waived any such argument. These courts have explained:
 {¶ 35} "In State v. Draughon, Franklin App. No. 05AP-860,2006-Ohio-2445, at ¶ 7, we acknowledged the `broad language the Supreme Court of Ohio used in Foster when it ordered resentencing for all cases pending on direct review.' However, we concluded that `a defendant who did not assert a Blakely
challenge in the trial court waives that challenge and is not entitled to a resentencing hearing based on Foster.' Id. In concluding as such, we `consider[ed] the language used in UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, the case that Foster relied on in arriving at' its decision to sever the unconstitutional statutes from Ohio's felony sentencing laws.Id. `In Booker, the United States Supreme Court appliedBlakely to the Federal Sentencing Guidelines.' Id. `TheBooker Court applied its holding to all cases on direct review.' Id. However, the Booker court `expected reviewing courts to apply "ordinary prudential doctrines," such as waiver * * * to determine whether to remand a case for a new sentencing.' Id., quoting Booker at 268. `Thus, in accordance with the well-settled doctrine of waiver of constitutional challenges, and the language inBooker,' we held in Draughon that a `Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court.' Draughon at ¶ 8.
 {¶ 36} "Here, the trial court sentenced appellant after the United States Supreme Court issued Blakely. Thus, appellant could have objected to his sentencing based on Blakely and the constitutionality of Ohio's sentencing scheme. Appellant did not do so. Therefore, pursuant to Draughon, we conclude that appellant waived his Blakely argument on appeal. See Draughon
at ¶ 7.
 {¶ 37} "Accordingly, based on the above, we need not reverse appellant's prison sentences on Eighth Amendment or Blakely
grounds. As such, we overrule appellant's second and third assignments of error." State v. Silverman, 10th Dist. Nos. 05AP-837, 05AP-838, 05AP839, 2006-Ohio-3826, ¶ 139-141. See, also, State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1820.
 {¶ 38} On the other hand, the Sixth Appellate District has taken the opposite view. State v. Brinkman, 6th Dist. No. WD-05-058, 2006-Ohio-3868. It explained:
 {¶ 39} "The state responds that appellant is not entitled to be resentenced because he failed to raise the Blakely issue at his sentencing hearing. Citing State v. Murphy,91 Ohio St.3d 516, 532, 2001-Ohio-112, the state observes that the failure of a party to interject a contemporaneous objection to error, even constitutional error, waives further consideration. The state insists that such should be the fate of a Blakely objection.
 {¶ 40} "We find this argument to be inconsistent withFoster, which clearly directs that, `* * * those [cases] pending on direct review must be remanded to trial courts for new sentencing hearings * * *.' Foster at ¶ 104; State v. Mota,
6th Dist. No. L-04-1354, 2006-Ohio-3800. Consequently, appellant's third assignment of error is well-taken." Id. at ¶ 30-31.
 {¶ 41} In making such a holding, the Sixth Appellate District acknowledged that its decision was in conflict with the Ninth and Tenth Appellate Districts. As such, it certified a conflict to the Ohio Supreme Court on July 28, 2006.
 {¶ 42} After reviewing our sister districts analysis on the issue, we tend to agree with the Sixth Appellate District. We agree that the principles of waiver do not apply to Foster.
 {¶ 43} However, we must take this opportunity to explain why we hold as such. First, we note that the general rule is that challenges to constitutional issues must first be raised to the trial court or they are deemed waived for appellate review. The doctrine of waiver is fundamental and well established. That said, Foster and its progeny created an exception to the doctrine of waiver. Many of the cases the Ohio Supreme Court has remanded pursuant to Foster involved post-Blakely sentencing dates. Yet, the Ohio Supreme Court gave no indication whetherBlakely issues were raised to the trial court. Instead, it has unlimitedly remanded the cases. See State v. Moser, 5th Dist. No. 05CA39, 2006-Ohio-165 (sentencing took place on April 20, 2005); State v. Bryant, 9th Dist. No. 22723, 2006-Ohio-517
(sentencing took place on May 9, 2005), State v. Kendrick, 2d Dist No. 20965, 2006-Ohio-311 (sentencing took place on March 9, 2005), State v. Phipps, 8th Dist. No. 86133, 2006-Ohio-99
(sentencing took place on March 3, 2005); State v. Hampton,
10th Dist. No. 04AP-806, 2005-Ohio-7063 (sentencing took place on July 12, 2004), State v. Herbert, 3d Dist No. 16-5-08,2005-Ohio-6869 (sentencing took place on May 24, 2005); State v.Wassil, 11th Dist. No. 2004-P-0102, 2005-Ohio-7053 (sentencing took place on October 18, 2004); State v. Cottrell, 7th Dist. No. 04CO53, 2005-Ohio-6923 (sentencing took place on September 3, 2004). This is just a small representative sample of cases from eight different appellate courts which affirmed sentences in which the defendant was sentenced post-Blakely, and in which the Ohio Supreme Court later reversed the sentences and remanded for resentencing under Foster.
 {¶ 44} The above cited cases contain no clear indication thatBlakely issues were preserved for review. Yet, a review of the cases seems to indicate that they were not. In both the Phipps
(Eighth Appellate District) and Kendrick (Second Appellate District) cases, it does not appear that Blakely issues were raised to the appellate courts. In neither of those decisions isBlakely even mentioned. Thus, it appears as if Blakely was raised for the first time to the Ohio Supreme Court and yet the Court still reversed and remanded that case for resentencing pursuant to Foster.
 {¶ 45} If that were not enough for this court to conclude that the doctrine of waiver is inapplicable to Foster issues, in Cottrell, Blakely issues were not raised to the trial court. Yet, the Ohio Supreme Court still reversed and remanded the case for resentencing pursuant to Foster. Thus, the Supreme Court's reversal and remanding of Cottrell for resentencing based onFoster is a clear indication that Foster is a special case in which the doctrine of waiver is inapplicable.
 {¶ 46} Accordingly, considering all the above, we agree with the Sixth Appellate District and hold that the doctrine of waiver is inapplicable to Foster issues. Thus, even though Buchanan was sentenced post-Blakely and did not raise issues related toFoster and Blakely to the sentencing court, those issues are not deemed waived. Therefore, in accordance with Foster, we find that this case must be reversed.
 {¶ 47} It is noted that typically when reviewing a Toney
case, if during our independent review of the case we find an appealable issue, we order counsel to file a brief. However, given the analysis in Foster and our analysis of the issues, we view it as a waste of judicial economy to send this case back for briefing.
 {¶ 48} In conclusion, the appeal is not frivolous. The conviction is affirmed. However, appellant's sentence is reversed and vacated. The case is remanded for resentencing.
Donofrio, P.J., concurs.
DeGenaro, J., dissents; see dissenting opinion.