{¶ 42} In its decision, the majority concludes that it must remand this cause for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-0856, even though Appellant did not raise his Sixth Amendment right to a jury trial when he was sentenced after the United States Supreme Court had decidedBlakely v. Washington (2004), 542 U.S. 296. I dissented to the case it cites for this proposition, State v. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653, and remain unconvinced of the majority's decision on this issue.
 {¶ 43} Nevertheless, I concur in the majority's decision in this case. The doctrine of stare decisis "provide[s] continuity and predictability in our legal system" and requires that appellate judges abide by their prior decisions in order to provide "a clear rule of law by which the citizenry can organize their affairs." Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 43. This court's decision in Buchanan
clearly established the law of this district regarding whether the Ohio Supreme court has abrogated the doctrine of waiver in cases involving the type of error discussed in Foster and I will abide by that decision. Accordingly, Appellant's sentence should be reversed and this cause remanded for resentencing consistent with Foster.