OPINION
{¶ 1} Appellant Jennifer Wolfe appeals her felony prison sentence on the basis of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Appellee concedes that the sentence should be reversed and remanded for resentencing. Therefore, the judgment of sentence of the Mahoning County Court of Common Pleas is hereby vacated, and the case remanded for resentencing pursuant to Foster.
 {¶ 2} Appellant was indicted on March 25, 2004, on one count of aggravated murder, pursuant to R.C. § 2903.01(C), (F), a felony. Appellant was indigent and counsel was appointed for her.
 {¶ 3} Appellant eventually entered a negotiated plea of guilty to one count of involuntary manslaughter, pursuant to R.C. § 2903.04(A), a first degree felony. There was no joint recommendation as to punishment. The state recommended a ten-year prison sentence, while Appellant's counsel recommended the minimum prison sentence based primarily on Appellant's lack of a prior criminal history. The trial court filed its sentencing entry on November 21, 2005. The court sentenced Appellant to the maximum sentence of ten years in prison based on the sentencing factors found in R.C. § 2929.11 et seq. The trial court specifically found that the shortest prison term would demean the seriousness of the offense, that recidivism was likely, and that Appellant committed the worst form of the offense. Appellant filed this timely appeal on November 28, 2005.
 {¶ 4} Appellant's sole assignment of error asserts:
 {¶ 5} "THE TRIAL COURT ERRED IN RELYING ON THE UNCONSTITUTIONAL FACTORS CONTAINED IN O.R.C. 2929.14, 2929.19 AND2929.41 TO SENTENCE APPELLANT TO 10 YEARS IN PRISON."
 {¶ 6} While this appeal was pending, the Ohio Supreme Court released Foster, which held that the felony sentencing provisions of the Revised Code relating to nonminimum (R.C.2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive sentences (R.C. 2929.14(E)(4)) are unconstitutional because they require judicial finding of facts not proven to a jury. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus. (Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; andUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, followed.) The reason these statutory provisions are unconstitutional is because the Sixth Amendment of the United States Constitution, made applicable to the states through theFourteenth Amendment, guarantees the right to a trial by jury, which includes the requirement that a jury, rather than the judge who is imposing the sentence, make all factual findings essential to impose punishment for the crimes that form the basis of the conviction. Foster at ¶ 3.
 {¶ 7} It comes to our attention that Appellant does not appear to have raised the Sixth Amendment jury trial issue with the trial court. Some courts have treated the failure to raise the constitutional issue as a waiver of the issue on appeal, at least for cases in which the defendant was sentenced afterBlakely was announced on June 24, 2004. It is our conclusion that the Foster case has created an exception to the doctrine of waiver, and this Court has held that we will not bar the application of Foster due to the doctrine of waiver for defendants who were sentenced after Blakely was released, but before Foster was released, and who failed to raise theBlakely issues during the trial court proceedings. See Statev. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653.
 {¶ 8} Appellee has conceded that there is reversible error in this case. Since Appellant was sentenced to consecutive and nonminimum sentences under statutes found to be unconstitutional by the Ohio Supreme Court, and because her direct appeal was pending when Foster was released, we hereby vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster.
Vukovich, J., concurs.
DeGenaro, J., concurs; see concurring opinion.