OPINION
{¶ 1} Defendant-appellant, Tammy L. Moyer, appeals her sentence following a jury trial in the Columbiana County Common Pleas Court for two counts of endangering children.
 {¶ 2} On April 28, 2006, a Columbiana County grand jury indicted appellant on two counts of endangering children. Count one was for endangering children in violation of R.C. 2919.22(A), a third-degree felony. Count two was for endangering children in violation of R.C.2919.22(B)(1), a second-degree felony. The charges stemmed from the state's allegation that appellant caused serious physical harm to her three year old daughter, Tamara Moore, by burning her multiple times with a cigarette.
 {¶ 3} On May 25, 2005, appellant appeared and pleaded not guilty. After numerous pretrial matters, the case proceeded to a jury trial on February 7th and 8th, 2006. The jury returned a verdict of guilty on both counts contained in the indictment. In the praecipe filed with this Court pursuant to 7th Dist. Loc. R. VII, appellant's counsel requested only a transcript of the sentencing hearing. Because a transcript of the jury trial was not requested, this memorandum is unable to explain the underlying factual details that led to appellant's conviction.
 {¶ 4} The trial court held a sentencing hearing on April 7, 2006. The trial court sentenced appellant to a three year term of imprisonment on Count one and a five year term of imprisonment on Count two with the sentences to be served concurrently with each other. This appeal followed.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "It was error for the trial court to impose a sentence that was more than the minimum."
 {¶ 7} In this case, in its judgment entry of sentence, the trial court made the requisite findings to impose more than the minimum term of imprisonment for the offenses. R.C. 2929.14(B). It found that the minimum sentence would be insufficient to punish appellant and protect the public from future crimes from appellant and would demean the seriousness of these offenses.
 {¶ 8} While this appeal was pending, the Ohio Supreme Court held that the provisions of the Revised Code relating to nonminimum (R.C.2929.14[B]), maximum (R.C. 2929.14[C]), and consecutive sentences (R.C.2929.14[E][4]) are unconstitutional because they require a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus.(Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, followed.)
 {¶ 9} The Court went on to hold that those unconstitutional provisions could be severed. Id., paragraphs two and four of the syllabus. Since the provisions could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 10} Here, since the trial court's imposition of a more than minimum sentence was based on R.C. 2929.14(B), which has been found unconstitutional in Foster, appellant's sentence must be reversed accordingly.
 {¶ 11} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the trial court no longer needs to give reasons or findings prior to imposing maximum, consecutive and/or more than minimum sentences. The Court held that:
 {¶ 12} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 13} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 14} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1. In Mathis, the Court clarified Foster adding:
 {¶ 15} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 16} As an aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after theBlakely decision was announced. The Ohio Supreme Court inFoster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653.
 {¶ 17} Accordingly, appellant's sole assignment of error has merit.
 {¶ 18} The judgment entry of the trial court is hereby reversed and this matter remanded for resentencing consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
Waite, J., concurs. DeGenaro, P.J., concurs.