OPINION *Page 2 
{¶ 1} Defendant-appellant Jerry Cross appeals from the sentences imposed upon him by the Columbiana County Common Pleas Court. He seeks remand for resentencing based upon the Supreme Court case of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Based upon Foster, appellant's sentence is vacated, and this case is remanded for a new sentencing hearing.
 STATEMENT OF THE CASE {¶ 2} In a continuing course of conduct from March 2005 through July 2005, appellant raped and otherwise molested his young neighbors, ages eleven and seven. He pled guilty to two counts of rape in violation of R.C. 2907.02 (A)(1)(b) and two counts of gross sexual imposition in violation of R.C. 2907.05 (A)(4). In return, the state dismissed an age specification concerning a victim under ten years of age, which would have called for a mandatory life sentence pursuant R.C. 2907.02(B).
 {¶ 3} On January 13, 2006, appellant stipulated to being a sexual predator, and his sentencing hearing proceeded. The court sentenced appellant to seven years on each rape count to run consecutively. These were first degree felonies with a sentencing range of three to ten years. The court also sentenced appellant to four years on each gross sexual imposition count to run concurrently with each other and with the rape counts. These were third degree felonies with a sentencing range of one to five years. The total sentence was thus fourteen years. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 4} Appellant's sole assignment of error provides:
 {¶ 5} "THE SENTENCE IN THIS MATTER MUST BE VACATED AND REMANDED FOR NEW HEARING IN ACCORDANCE WITH STATE VS. FOSTER, [109 Ohio St.3d 1],2006-Ohio-856."
 {¶ 6} The Ohio Supreme Court decided Foster a month after appellant was sentenced to non-minimum, partially consecutive sentences. BeforeFoster, the sentencing court had to make certain factual findings before deviating from a minimum sentence or imposing consecutive sentences. R.C. 2929.14(B) and (E)(4). In Foster, however, the Supreme Court held that Ohio's felony sentencing statutes requiring judicial findings prior to imposition of non-minimum or consecutive sentences violate *Page 3 
he Sixth Amendment right to a jury trial. Foster, 109 Ohio St.3d 1
at ¶ 83. The Court then severed offending statutory provisions such as R.C.2929.14(B) regarding deviation from the minimum and R.C. 2929.14(E)(4) regarding imposition of consecutive sentences. Id. at ¶ 96-97. Additionally, the Court pronounced that the cases before it and those pending on direct review must be remanded for new sentencing hearings consistent with the Foster holding. Id. at ¶ 104, 106.
 {¶ 7} The fact that a defendant entered a guilty plea does not operate as waiver of these sentencing issues on appeal. Id. at ¶ 30-31. Nor does the failure to raise the issue before the trial court preclude resentencing in a case pending on appeal at the time Foster was decided.State v. Buchanan, 7th Dist. No. 05MA60, 2006-Ohio-5653, ¶ 46. Thus, appellant has not waived application of the Foster remedy to his case.
 {¶ 8} In conclusion, appellant was sentenced to non-minimum, consecutive sentences under statutes that have since been severed, and his appeal was pending on direct review at the time Foster was decided. Accordingly, appellant's sentence is vacated, and this matter is remanded for resentencing.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1