OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, William Jones, appeals the decision of the Columbiana County Court of Common Pleas, that sentenced him to the maximum possible sentence for rape after a guilty plea. Jones was sentenced on December 5, 2005, before the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. Since Jones was sentenced under those statutes, his sentence is vacated and this case is remanded for resentencing consistent with Foster.
 {¶ 2} Jones was indicted on August 26, 2004, of one count of rape with a force specification. On October 7, 2005, Jones pled guilty to rape in exchange for the State's promise to nolle the force specification. The State recommended that Jones be sentenced to the maximum possible term of imprisonment and to designate Jones a sexual predator.
 {¶ 3} At a December 2, 2005, sentencing hearing, Jones argued that he should be given less than the maximum possible prison term and designated a sexually oriented offender. The trial court then sentenced Jones to the maximum sentence and designated him a sexually oriented offender.
 {¶ 4} Jones appealed the trial court's December 5, 2005, judgment on February 9, 2006. This court allowed this delayed appeal in a March 6, 2006, entry.
 {¶ 5} On appeal, Jones's sole assignment of error argues:
 {¶ 6} "The sentence in this matter must be vacated and remanded for new hearing in accordance with State v. Foster, — N.E.2d — ,2006 WL 509549 (Ohio), 2006-Ohio-856 (2006)."
 {¶ 7} Under R.C. 2929.14(C), a trial court could not sentence an offender to the maximum possible prison term unless it first made particular findings. In Foster, the Ohio Supreme Court held that this statutory section violated defendants' right to a jury trial, as that right is defined in Blakely v. Washington (2004), 542 U.S. 296, and declared R.C. 2929.14(C) void. See Foster at paragraphs one and two of the syllabus. The Ohio Supreme Court then mandated that all cases "pending on direct review must be *Page 2 
remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104. This court has previously held that the Ohio Supreme Court's mandate in Foster prevents it from applying the doctrine of waiver to these issues. State v. Buchanan, 7th Dist No. 05 MA 60, 2006-Ohio-5653, at ¶ 42.
 {¶ 8} In this case, Jones was sentenced under a section which had been declared unconstitutional. Accordingly, the sentence imposed on Jones is vacated and this case is remanded to the trial court for resentencing consistent with Foster.
 Vukovich, J., concurs. Waite, J., concurs. *Page 1