OPINION
{¶ 1} Defendant-appellant Jason Guy appeals the judgment of the Columbiana County Common Pleas sentencing him to non-minimum, consecutive sentences and labeling him a sexual predator. We have before us a Foster issue with regards to the sentences and a sufficiency of the evidence issue with regards to the sexual predator designation. For the following reasons, appellant's sentence is vacated, and the case is remanded for resentencing; however, the sexual predator determination is affirmed.
 STATEMENT OF THE FACTS {¶ 2} On January 5, 2005, East Palestine police responded to a 911 call concerning an attack in progress. The victim stated that her attacker was appellant Jason Guy, who was her husband's friend. Her husband was out of town, and she was home with her children when appellant entered their home without being invited to do so. Appellant appeared, smelled and acted intoxicated. When the victim entered her kitchen, appellant forced himself on her. When she did not reciprocate, he threw her to the floor causing a tear in the cartilage of her knee.
 {¶ 3} Appellant pinned the victim down by kneeling on her shoulders. He beat her head against the kitchen floor repeatedly. When she yelled for her children to run, he covered her mouth with his hand so hard that it caused bruises on the inside of her mouth. He then forced her to perform oral sex on him while threatening to kill her. He stated that he would rape her orally, vaginally and anally and would also rape her daughter.
 {¶ 4} After witnessing much of the attack, the victim's six-year-old son and eleven-year-old daughter ran to various neighbors' houses until they found one who was home. He called 911 and ran over to help the victim, eventually finding an unlocked door. Appellant ran away, but he then returned and was arrested. He was indicted for rape in violation of R.C. 2907.02(A)(2) and aggravated burglary in violation of R.C.2911.11(A)(1). *Page 3 
 {¶ 5} On August 26, 2005, appellant pled guilty as charged. His sentencing and sexual predator hearing took place on January 13, 2006. A letter by the eleven-year-old child was read, and the victim made a statement. The sexual predator evaluation, a presentence investigation and a sanity evaluation were accepted as evidence. The court sentenced appellant to nine years for rape and six years for aggravated burglary to run consecutively. The court also concluded that he was a sexual predator. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} Appellant sets forth two assignments of error, the first of which provides:
 {¶ 7} "THE SENTENCE IN THIS MATTER MUST BE VACATED AND REMANDED FOR NEW HEARING IN ACCORDANCE WITH STATE V. FOSTER * * *."
 {¶ 8} Appellant asks us to order resentencing under the Supreme Court case of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The Supreme Court decided Foster a month after appellant was sentenced to non-minimum, consecutive sentences. Before Foster, the sentencing court had to make certain factual findings before deviating from a minimum sentence or imposing consecutive sentences. R.C. 2929.14(B) and (E)(4). In Foster, however, the Supreme Court held that Ohio's felony sentencing provisions requiring judicial findings prior to imposition of non-minimum or consecutive sentences violate the Sixth Amendment right to a jury trial. Foster at ¶ 83.
 {¶ 9} Consequently, the Foster Court severed any offending statutory provisions, such as R.C. 2929.14(B) regarding deviating from the minimum and R.C. 2929.14(E)(4) regarding imposing consecutive sentences. Id. at ¶ 96-97. Then, the Court pronounced that the cases before it and those pending on direct appellate review must be remanded for new sentencing hearings consistent with the Foster holding. Id. at ¶ 104, 106.
 {¶ 10} The fact that a defendant entered a guilty plea does not operate as waiver of these sentencing issues on appeal. Id. at ¶ 30-31. Additionally, the failure to raise this issue concerning the sentencing statutes before the trial court does not preclude resentencing in cases pending on direct appeal at the time Foster was decided. State v.Buchanan, 7th Dist. No. 05MA60, 2006-Ohio-5653, ¶ 42-46. See, *Page 4 
also, Foster at ¶ 31 and fn.35 (specifically finding no waiver where sentencing took place prior to the decision in Blakely v.Washington (2004), 542 U.S. 296) and ¶ 104, 106 (generally holding that all cases pending on direct appeal must be remanded).
 {¶ 11} Here, the state does not argue waiver and essentially concedes the applicability of the resentencing remedy sought by appellant. Appellant was sentenced to non-minimum, consecutive sentences under statutes that have since been severed, and his appeal was pending on direct review at the time Foster was decided. Accordingly, appellant's sentence is vacated, and this case is remanded for resentencing.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 12} Appellant's second assignment of error contends:
 {¶ 13} "APPELLANT'S DESIGNATION AS A SEXUAL PREDATOR MUST BE VACATED AND MODIFIED TO A DESIGNATION AS A SEXUALLY ORIENTED OFFENDER."
 {¶ 14} A sexual predator is defined as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense that is not registration-exempt and who is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E)(1). In determining whether the defendant is a sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) the offender's prior criminal or delinquency record; (c) the victim's age; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim; (f) whether the offender completed any sentences imposed for prior offenses, or if the prior offense was a sex offense, whether the offender participated in available sexual offender programs; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual act upon the victim and whether it was part of a demonstrated pattern of abuse; (i) whether the offender displayed or threatened cruelty while committing the sexually oriented offense; and, (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 15} A sexual predator determination must be supported by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is a *Page 5 
measure of proof that will produce in the mind of the fact-finder a firm belief or conviction as to the allegations sought to be established.State v. Eppinger (2001), 91 Ohio St.3d 158, 164. It is more than a mere preponderance of the evidence, but it does not require certainty beyond a reasonable doubt as in criminal cases. Id. As such, clear and convincing does not mean clear and unequivocal. Id.
 {¶ 16} Appellant believes there was insufficient evidence that he is likely to engage in a sexually oriented offense in the future. He urges that many of the factors in R.C. 2950.09(B)(3) do not apply to him. He also notes that a certain test used by the sexual predator evaluator rated him only in the "medium low" category for recidivism.
 {¶ 17} Initially, we address the latter claim. Medium low is more risk than low; in fact, medium low was said to represent a nineteen in one hundred chance of reoffending within fifteen years, which was the total length of appellant's sentence. In any event, the evaluator pointed out that the cited test only considered certain criteria chosen by the test's creators and did not take into account various other factors existing in this case. Finally, any such test can never replace the judge's duty to weigh the factors and other evidence in determining whether there is clear and convincing evidence that the defendant will likely commit another sexually oriented offense. Thus, we proceed to analyze the statutory factors and the evidence presented.
 {¶ 18} Appellant was thirty-one at the time of the offense and thirty-two at the time of the hearing. See R.C. 2950.09(B)(3)(a). His victim was thirty-two years old. See R.C. 2950.09(B)(3)(c). His prior criminal and traffic record included a conviction for fleeing and eluding a police officer, five driving under the influence convictions, eight driving under suspension convictions, two failure to control convictions, one reckless operation conviction, one conviction for driving on the wrong side of the road, three speeding tickets and four seatbelt violations. See R.C. 2950.09(B)(3)(b). He completed many of his sentences; however, his license was suspended at the time of his evaluation. See R.C. 2950.09(B)(3)(f). Since the list of factors is not exclusive, it can also be considered that appellant was in two fights while jailed on these charges and was placed in administrative segregation. *Page 6 
 {¶ 19} Although only five convictions for driving under the influence showed up on his Ohio record, appellant admitted to between eleven and fourteen of such convictions over his lifetime. He explained that he has been incarcerated every year since age eighteen with an average stay of sixty to ninety days. After being released, he would then drive with a suspended license and get arrested for that or reoffend for driving under the influence in a predictable and consistent pattern of offending.
 {¶ 20} As to the number of victims here, there was only one victim of the rape. See R.C. 2950.09(B)(3)(d). However, as aforementioned, the factors do not represent an exclusive list. Thus, the court can certainly consider the fact that appellant committed the offense in the presence of the eleven-year-old daughter and the six-year-old son of the victim (and her four-year-old autistic son was upstairs sleeping).
 {¶ 21} Appellant did not use drugs or alcohol to impair the victim or to prevent her resistance. See R.C. 2950.09(B)(3)(e). However, he did use painful restraint, violent force and threats of more violence to both the victim and her children. Specifically, upon the victim's rejection of his advances, he slammed her to the kitchen floor hard enough to tear the cartilage in her knee. He forcefully kneeled on her shoulders to pin her down. He threatened to kill the victim and to rape her three different ways. He also threatened to rape the victim's eleven-year-old daughter. He forced the victim to perform oral sex on him. Furthermore, he was not deterred by the fact that the victim's eleven-year-old daughter and six-year-old son were watching, screaming and then running for help. See R.C. 2950.09(B)(3)(h) and (i).
 {¶ 22} Appellant was not found to suffer from any mental illness or mental disability. See R.C. 2950.09(B)(3)(g). In fact, competency and sanity evaluations were conducted in this case. He claimed to have relevant medical problems from a 1998 head injury caused by a motorcycle accident. For instance, he disclosed a lack of sexual desire and an inability to have an erection since the accident. Rather than an exculpatory claim; this actually may lead one to infer a greater risk of recidivism due to a need for violent and dominant situations in order to achieve sexual satisfaction.
 {¶ 23} Appellant also claimed that his mental ability changes daily due to the accident. He maintained that he had no memory of the night of the offense. However, his evaluator found his claimed amnesia was conveniently selective as to the day of *Page 7 
the offense and opined that he created medical excuses for his drug, alcohol and social problems.
 {¶ 24} Regarding these social problems, appellant was found to lack skills with females, having no serious past relationships. He was opined to harbor resentment and hostility where his needs for attention are not met. It was noted that he lived with his parents his entire life and likely lacked independent living skills. He dropped out of school after completing his sophomore year in order to work. This, however, began a job history that would later be described as very poor. See R.C.2950.09(B)(3)(j).
 {¶ 25} As for his substance abuse, he was said to average twelve beers plus a couple shots per drinking occurrence, which took place four times a week. He used marijuana daily (morning, noon and night) even while working construction. He also mixed marijuana with cocaine on occasion. Additionally, in the months prior to his arrest, he was using crack cocaine daily. He often volunteered to purchase crack cocaine for others so he could steal from their purchase before handing it over. However, even after admitting all of this, he denied substance abuse problems.
 {¶ 26} It should also be noted that appellant knew the victim; he was a friend of the victim's husband. He used this relationship to facilitate the offense. That is, when he first barged into their house, they were not yet aware of his sinister intent. Moreover, appellant may have preplanned an attempt on the victim as he had called the house that week, learned the husband would be out of town and still showed up that night. Furthermore, he knew how many children the victim had in the house with her, but still attacked and raped her in her own kitchen after tripping over a baby gate. Considering all of these factors, there was sufficient proof for the court to find by clear and convincing evidence that appellant was likely to commit a sexually oriented offense in the future.
 {¶ 27} One final issue concerns a mischaracterization in the trial court's judgment entry. Rather than merely setting forth the statement at issue, we shall provide some context. First, the court noted that it considered the record, the oral statements, the presentence report, the sexual predator evaluation, the sanity evaluation, the victim impact statements, the victim's statements in court and *Page 8 
appellant's statements. The court explained that appellant pled guilty to rape and aggravated burglary. The court then found that appellant pled to two sexually oriented offenses. The court set forth statutory factors and other factors that it found relevant herein and concluded that there was clear and convincing evidence that appellant was a sexual predator.
 {¶ 28} Appellant notes that only his rape conviction qualified as a sexually oriented offense. See R.C. 2950.01(D)(1)(a). The court likely assumed that since an element of aggravated burglary is intent to commit a criminal offense and because in this case appellant had intent to sexually assault the victim, the burglary was sexually oriented in the plain sense of the words. See R.C. 2911.11(A). However, R.C. 2950.01(D) specifically limits the definition of a sexually oriented offense to those offenses listed thereunder. Aggravated burglary with intent to commit a sexual offense is not listed in the definition. In contrast, we note that kidnapping with a sexual motivation is listed as a sexually oriented offense. R.C. 2950.01(D)(1)(c). It can thus be concluded that the legislature would have specified aggravated burglary if it intended this situation to qualify. Accordingly, the court mislabeled the aggravated burglary offense as a sexually oriented offense in its judgment entry.
 {¶ 29} However, the labeling of the aggravated burglary does not affect the analysis or end result in this case. The rape was indisputably a sexually oriented offense, and only one sexually oriented offense conviction is needed in order to adjudge a sexual predator. See R.C. 2950.01(E)(1). Moreover, the circumstances surrounding the aggravated burglary were in fact relevant and permissible to consider in evaluating appellant's status. See R.C. 2950.09(D).
 {¶ 30} The court listed various items of evidence it considered and listed the factors it found to be relevant. Further, the court made relevant findings at sentencing. (Tr. 19-20). Although not part of the court's official decision, such statements have been considered part of a model hearing and thus can be viewed in determining whether the court's decision was the result of a mischaracterization. SeeEppinger, 91 Ohio St.3d at 166-167.
 {¶ 31} For the foregoing reasons, the trial court's journalized mislabeling of aggravated burglary with intent to commit rape as a sexually oriented offense does not *Page 9 
affect the conclusion that there exists clear and convincing evidence to support a sexual predator designation in this case. The evidence herein is more than sufficient to uphold the classification. As such, the trial court's sexual predator determination is affirmed; however, appellant's sentence is vacated, and the case is remanded for resentencing pursuant to Foster.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1