JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Aaron Mason ("defendant") appeals from the sentence imposed in Case No. CR-441633 following his guilty plea in that and two other cases. In his sole assignment of error, defendant maintains that his sentence in CR-441633 is more than the shortest prison term and is, therefore, contrary to law. For the reasons that follow, we affirm his sentence in Case Nos. CR-441308 and CR-441374 but vacate the sentence imposed in Case No. CR-441633 and remand for resentencing in that case only.
 {¶ 2} In Case No. CR-441308, defendant pled guilty to drug trafficking, a felony of the fifth degree. In Case No. CR-441374, defendant pled guilty to attempted drug trafficking, a misdemeanor of the first degree. In Case No. CR-441633, defendant pled guilty to aggravated robbery (a first degree felony) with a three-year gun enhancement specification, drug trafficking (a first degree felony), and having a weapon while under disability (a fifth degree felony). The gun enhancement specification requires a three-year mandatory prison sentence that must be served prior to and consecutive with the underlying felony by law. The first degree drug trafficking offense requires a mandatory prison sentence between three and ten years. The court had advised defendant that the minimum possible prison sentence in Case No. CR-441633 is six years.
 {¶ 3} On a subsequent date, the court held a sentencing hearing. Defendant advised the court, among other things, that he had not previously served a prison term. The court confirmed that despite defendant's extensive criminal history, he had not yet served a prison term. After reviewing defendant's criminal history on the record, the court imposed the following sentence: concurrent six-month prison term and a five-year driver's license suspension in Case Nos. CR-441308 and CR-441374, along with a $1,000 fine; a five-year prison sentence for the aggravated robbery offense, plus a consecutive three-year specification in Case No. CR-441633 and a mandatory fine of $10,000.[1]
Defendant received a total prison sentence of eight years.
 {¶ 4} Defendant now appeals and raises the following sole assignment of error, which states:
 {¶ 5} "I. The trial court erred when it imposed more than the minimum term of imprisonment on Mr. Mason without making the necessary findings required by R.C. 2929.14(B)."
 {¶ 6} Defendant has only challenged the sentence that the court imposed in Case No. CR-441633 and therefore, we limit our review of his sentence accordingly.
 {¶ 7} R.C. 2929.14(B) provides, in relevant part, as follows:
 {¶ 8} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} Defendant pled guilty to two first degree felony offenses and a three-year gun specification. The shortest possible prison sentence for a first degree felony is three years. The three-year sentence for the gun specification must be served prior and consecutive to the underlying offense. Therefore, the shortest sentence defendant could have received under the circumstances was six years. The court imposed a five-year prison term for the aggravated robbery offense (plus the three-year term for the gun specification).
 {¶ 12} During the pendency of this appeal, the United States Supreme Court issued its decision in Blakely v. Washington
(2004), 542 U.S., 124 S.Ct. 2531. On July 14, 2004, defendant filed a notice of his intent to rely upon Blakely in this appeal. Defendant argues that Blakely prohibits the trial judge from making the factual findings that are required to impose more than the minimum sentence of six years in Case No. CR-441633.
 {¶ 13} In Blakely, a Washington state trial court judge had enhanced an offender's sentence because the judge found that the offender displayed extreme cruelty in committing the offense. The United States Supreme Court found that the increased sentence, based upon the judge's factual finding, was unconstitutional and reasoned as follows:
 {¶ 14} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 15} Under the law, the maximum sentence that the law allows the court to impose on offenders who have not served prison time is the shortest term. Ibid. (R.C. 2929.14(B) provides, in relevant part, that "the court shall impose the shortest prison term authorized for the offense"). In order to deviate from the shortest term, the court would have to make findings of fact that were neither determined by a jury nor agreed to by the defendant, namely that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B)(2). Defendant did not stipulate to the findings or otherwise waive his constitutional right to have these facts determined by a jury.
 {¶ 16} Following the reasoning of Blakely, it would seem that the "statutory range" of sentences that the trial court could impose on defendant, who had not previously served a prison term, was the shortest prison sentence. Ibid. However, becauseBlakely was decided after the court imposed defendant's sentence, we believe it is best to remand this matter to allow the trial court and the parties an opportunity to fully address the impact of Blakely on defendant's sentence in this case. Therefore, defendant's assignment of error is sustained and his sentence in Case No. CR-441633 is vacated and remanded for resentencing. Defendant's sentence is affirmed in all other respects.
 {¶ 17} Sentence affirmed in Case Nos. CR-441308 and CR-441374; sentence in Case No. CR-441633 is vacated and case is remanded for resentencing.
It is ordered that appellee and appellant share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., concurs. Cooney, J., concurs in Judgment Only (See attached concurring opinion).
[1] The court further imposed a three-year prison sentence and a six-month prison sentence on counts two and three respectively in Case No. CR-441633, to be served concurrent to each other and the other sentences.