OPINION
{¶ 1} Defendant-appellant, John M. Ericson, appeals his sentence in the Mahoning County Common Pleas Court, following a guilty plea, for burglary and receiving stolen property.
 {¶ 2} On February 22, 2004, appellant was arrested following a traffic stop after it was determined he was in possession of stolen property. The property had been taken from the home of Linda Sugden (Sugden). At the time of his arrest, it was also determined that there was a warrant for appellant's arrest on a burglary charge in connection with a home belonging to Nick Cammarata (Cammarata).
 {¶ 3} Appellant waived his preliminary hearing and on March 25, 2004, a Mahoning County grand jury indicted appellant on two counts. Count one was for burglary in violation of R.C.2911.12(A)(2), a second-degree felony, in connection with items taken from the Cammarata home. Count two was for receiving stolen property in violation of R.C. 2913.51(A), a fifth-degree felony, in connection with property taken from the Sugden home.
 {¶ 4} Following Crim.R. 11 plea negotiations, appellant pleaded guilty to both counts of the indictment on May 12, 2004. The trial court ordered appellant released to the Community Corrections Association (CCA) pending completion of a pre-sentence investigation report.
 {¶ 5} On July 13, 2004,[1] approximately two months after pleading guilty, the trial court sentenced appellant to seven years for burglary and eleven months for receiving stolen property, with the sentences to be served concurrently. Appellant filed a motion for reconsideration asserting that he had a mental and medical history not previously considered by the court at sentencing. The court denied the motion and let appellant's sentence stand as previously ordered. This appeal followed.
 {¶ 6} Appellant's first assignment of error states:
 {¶ 7} "THE TRIAL COURT VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHTS WHEN THE TRIAL COURT MADE SPECIFIC FACTUAL FINDINGS WHEN SENTENCING APPELLANT TO PRISON, FOR MORE THAN THE MINIMUM SENTENCE WHEN SUCH FACTUAL FINDINGS MUST BE MADE BY A JURY"
 {¶ 8} Appellant argues that Ohio's sentencing statutes which require the judge to make factual findings that are not submitted to the jury or admitted by the defendant that increase the defendant's sentence beyond the "relevant statutory maximum" violate the Sixth Amendment to the U.S. Constitution and the United State's Supreme Court decision of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Appellant's argument also implicates the Supreme Court's decision in Apprendi v. New Jersey, (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 9} In this case, appellant pleaded guilty to burglary, a second-degree felony, and receiving stolen property, a fifth-degree felony. For second-degree felonies, the sentencing court may impose a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). For fifth-degree felonies, the sentencing court may impose a prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C.2929.14(A)(5). The trial court sentenced appellant to seven years for the burglary conviction and eleven months for the receiving stolen property conviction. Therefore, appellant's sentence implicates a more than the minimum, felony sentencing situation.
 {¶ 10} While this appeal was pending, the Ohio Supreme Court held that the provision of the Revised Code relating to more than minimum sentences, R.C. 2929.14(B) is unconstitutional because it requires a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph one of the syllabus. (Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, followed.)
 {¶ 11} The Court went on to hold that the unconstitutional provision could be severed. Id., paragraph two of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 12} As an aside, we also note that the Ohio Supreme Court has affirmed decisions to remand because of Blakely even though the trial courts in those cases failed to make the statutorily required findings. See In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174
(affirming both State v. Baccus, 1st Dist. No. C-040028,2005-Ohio-3407, and State v. Mason, 8th Dist. No. 84061,2004-Ohio-5388).
 {¶ 13} Here, since the trial court's imposition of more than the minimum sentence was made while R.C. 2929.14(B) was effective and that section was subsequently found unconstitutional inFoster, appellant's sentence must be reversed.
 {¶ 14} After State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the trial court no longer needs to give reasons or findings prior to imposing maximum, consecutive, or more than the minimum sentences. The Court held that:
 {¶ 15} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 16} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 17} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. In Mathis, the Court clarifiedFoster adding:
 {¶ 18} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 19} Accordingly, appellant's first assignment of error has merit.
 {¶ 20} Appellant's second assignment of error states:
 {¶ 21} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT WHEN THE TRIAL COURT RELIED UPON FACTS FOR A CRIME NEITHER CHARGED NOR PROVEN."
 {¶ 22} Appellant argues that it was improper for the trial court to consider at sentencing the burglary of Sugden's home and the impact that it had on her because appellant was neither charged with or convicted of the burglary of Sugden's home. Appellant cites State v. Patterson (1996), 110 Ohio App.3d 264,271, 673 N.E.2d 1001, where the court held that a "a trial court abuses its discretion in sentencing a defendant, even when the sentence imposed is within the statutory guidelines, if the trial court has considered evidence concerning the acquitted charge."
 {¶ 23} As appellee correctly points out, the trial court's reference to the Sugden offense occurred at the hearing on appellant's motion for reconsideration, not at appellant's sentencing hearing. In addition, a thorough review of the reconsideration hearing transcript reveals that the trial court did not improperly assign the Sugden receiving stolen property charge as the burglary committed by appellant. The relevant portion of that transcript reads:
 {¶ 24} "I just — I read this memorandum two or three times already this morning right just now. This case here that we were here on July 13th about, involved a burglary of a house. The owner of that house, Linda Sugden, lived alone. The house was broken into by force. As I recall, one of the windows were broken or something. I didn't bring the PSI with me, or I could describe the whole thing. But at any rate, the house was burglarized and vandalized, a result of which, the woman who owned the house just wants to sell it and get out of there; can't live there because of fear of the house, fear of insecurity, fear for her own personal safety. That's only one.
 {¶ 25} "Now, the other one was at 50 Forest Hill Drive. Although he wasn't — the owner of that place wasn't here, the facts were in the presentence report. It's another case of a house being vandalized where somebody lives.
 {¶ 26} "Finally, Defendant got caught on the north side around Madison Avenue, because he was selling this stuff or hewas selling — the stuff was being sold, at least that had beenstolen from one of those two homes." (Emphasis added.) (Tr. 3-4.)
 {¶ 27} Receiving stolen property is defined in R.C.2913.51(A) as follows:
 {¶ 28} "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of atheft offense." (Emphasis added.)
 {¶ 29} As that section reveals, consideration of the crime of receiving stolen property necessarily involves consideration of the fact that the property was obtained through the commission of a theft offense. Therefore, in this case, in order to consider the full implications of the receiving stolen property offense of which appellant was convicted, it was not necessarily improper for the trial court to consider the prior theft offense, which in this case was the burglary of Sugden's home, when sentencing appellant.
 {¶ 30} Additionally, an important factor in sentencing is the impact of the crime on the victim. R.C. 2929.12(B). It is relevant to Sugden that her home was burglarized, that her property was stolen as a result of that burglary, and that appellant ended up receiving that stolen property.
 {¶ 31} In sum, the trial court was simply referring, in general terms, to the criminality that occurred at the Sugden home and for which appellant was associated (since he possessed the property stolen from that home). It is evident that the court only considered one count of burglary and one count of receiving stolen property and how those charges related to his continuing course of criminal conduct and how those charges related to the totality of appellant's criminal conduct.
 {¶ 32} Accordingly, appellant's second assignment of error is without merit.
 {¶ 33} Appellant's third assignment of error states:
 {¶ 34} "THE TRIAL COURT ERRED IN FINDING APPELLANT WAS NOT AMENABLE TO COMMUNTY CONTROL SANCTIONS."
 {¶ 35} Appellant argues that the trial court's finding that community control sanctions were not appropriate for him was not supported by the record. Appellant argues that the only evidence before the trial court was that appellant was in CCA and fully complying with all the requirements and making progress. Appellant maintains that he was responding favorably to the program and should have been given the opportunity to complete it.
 {¶ 36} Since appellant is arguing for a community control sanction instead of imprisonment, this appeal also implicates R.C. 2929.13(D). R.C. 2929.13(D), left unaffected by State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, acknowledges a presumption in favor of prison for higher level felonies and felony drug offenses. It provides:
 {¶ 37} "(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 38} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 39} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 40} In this case, the trial court's judgment entry of sentence regarding its denial of community control sanctions was clearly and convincingly supported by the record and not contrary to law. As the trial court noted, there were factors that made appellant's offense more serious than conduct normally constituting the offense. The victims suffered economic and emotional harm. Appellant committed the crime in order to support a drug habit, also an illegal activity. There was no evidence to support any of the factors that made appellant's offense less serious than conduct normally constituting the offense. Under the recidivism factors, the court noted factors indicating that appellant is likely to commit future crimes. Appellant has a criminal history dating back ten years that includes other theft and drug related convictions. Appellant has not responded favorably to sanctions previously imposed in adult court. Appellant has a pattern of drug abuse related to the offense. The court found no factors indicating that recidivism would be less likely. Appellant has not responded to treatment plans favorably in the past. Lastly, considering all of the aforementioned factors, it is clear that appellant was not amenable to a community control sanction. As the court noted, community control sanctions would demean the seriousness of the offense, and would not adequately punish appellant and protect the public from future crime.
 {¶ 41} Accordingly, appellant's third assignment of error is without merit.
 {¶ 42} The judgment of the trial court is hereby reversed and vacated in part as it relates to appellant's first assignment of error and imposition of more than minimum sentences and this matter is remanded for resentencing consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The remainder of the trial court's decision is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] Although the judgment entry of sentence refers to the sentencing as occurring on July 13, 2004, the entry itself is dated July 22, 2004, and file-stamped July 23, 2004.