OPINION
{¶ 1} Defendant-appellant, Jeremy Simpson, appeals his conviction and sentence in the Columbiana County Common Pleas Court for aggravated vehicular homicide.
 {¶ 2} On October 31, 2004, appellant was driving his 2004 Chevrolet Silverado north on State Route 45. Appellant was driving from his estranged wife's house, where he had attempted to reconcile their marriage. Appellant left his daughter with his wife and was driving home.
 {¶ 3} At approximately 10:45 a.m., appellant was driving behind a Buick Century, driven by Johnny McGregor (McGregor). The posted speed limit was forty-five m.p.h. McGregor was driving at forty to forty-five m.p.h.
 {¶ 4} McGregor noticed Jack Bennett crossing the street, going to his mailbox, as the two cars entered a no passing zone on the road. McGregor eased off the accelerator. Appellant could not see Bennett from around McGregor's car.
 {¶ 5} Appellant was familiar with the road, and he knew the posted speed limit and where the no passing zone was located. Appellant attempted to pass McGregor in the no passing zone. Appellant was driving an estimated minimum speed somewhere between fifty-five and fifty-seven m.p.h. As appellant tried to pass McGregor, he saw Bennett on the road. Appellant tried, unsuccessfully, to veer his truck left. Appellant's truck hit Bennett and killed him.
 {¶ 6} Tests showed that appellant was not under the influence of drugs or alcohol at the time of the accident. Tests also indicate that there were no mechanical malfunctions in the truck at the time of the accident.
 {¶ 7} On November 18, 2004, a Columbiana County grand jury indicted appellant for aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), a third-degree felony under R.C.2903.06(B)(3). Appellant waived his right to a jury trial. Following a bench trial, the trial court found appellant guilty. On August 25, 2005, the trial court sentenced appellant to a three-year term of imprisonment. This appeal followed.
 {¶ 8} Appellant's first assignment of error states:
 {¶ 9} "THE STATE OF OHIO FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT A FINDING OF GUILT BEYOND A REASONABLE DOUBT OF THE ESSENTIAL ELEMENT OF `RECKLESSNESS' AS ALLEGED IN THE INDICTMENT IN THE CASE SUB JUDICE."
 {¶ 10} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Smith (1997),80 Ohio St.3d 89, 113, 684 N.E.2d 668. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith, 80 Ohio St.3d at 113, 684 N.E.2d 668.
 {¶ 11} Appellant argues that the state did not have sufficient evidence to prove that he was acting recklessly when he hit Bennett. Appellant argues that, at the most, his actions might meet the definition of negligently.
 {¶ 12} R.C. 2903.06(A)(2)(a), which defines the offense of aggravated vehicular homicide, states that no person while operating a motor vehicle shall recklessly cause the death of another.
 {¶ 13} "Recklessly" is defined by R.C. 2901.22(C) as follows:
 {¶ 14} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 15} R.C. 2903.06(A)(3)(a), which defines the offense of vehicular homicide, states that no person while operating a motor vehicle shall negligently cause the death of another.
 {¶ 16} "Negligently" is defined by R.C. 2901.22(D) as follows:
 {¶ 17} "A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."
 {¶ 18} Appellant points out that, as the definition of recklessly indicates, the risk must first be known and then disregarded. Appellant's main argument is that there was no evidence presented to suggest that appellant knew Bennett would be standing in the roadway at the time of the crash. Appellant reasons that since he didn't have any knowledge of this risk, it is impossible to draw the conclusion that he disregarded a known risk.
 {¶ 19} Appellant's argument in this regard rests on a faulty premise. He incorrectly presumes that the risk in this situation was the fact that Bennett would be crossing the road at the particular moment in time of the crash. The real risk was the act itself of crossing the double yellow line and attempting to pass another vehicle in a hazardous zone. That risk was clearly known to appellant in this case.
 {¶ 20} It has been held that crossing a double yellow line constitutes recklessness, because it is a blatant disregard for others' safety, and the recklessness is greater if the crossing of the double yellow line is done in an area near a hill crest where there is little visibility of oncoming traffic. State v.Kinney (Sept. 7, 1999), 12th Dist. No. CA99-01-001.
 {¶ 21} In this case, in addition to appellant's act of crossing the double yellow line, testimony presented at trial also established that (1) appellant was familiar with the stretch of road where the crash occurred (Tr. 177.); (2) appellant was aware that the posted speed limit was forty-five m.p.h. (Tr. 177.); (3) appellant was driving an estimated minimum speed of somewhere between fifty-five and fifty-seven m.p.h. (Tr. 107.); (4) the stretch of road where the crash occurred was marked with a double-yellow line to indicate that it was a hazardous and no passing zone (Tr. 76.); (5) the pavement was in newer condition (Tr. 76, 178.); (6) the paint designating the no passing line was in newer condition (Tr. 76, 178.); (7) the stretch of road had limited visibility due to dips in the road (State's Exhibits; Tr. 178.); and (8) appellant's vision was further obstructed by McGregor's vehicle as he attempted to pass it (Tr. 178.).
 {¶ 22} Based on all the aforementioned evidence and when viewing that evidence in the light most favorable to the state, a rational trier of fact could have found that appellant was acting recklessly proved beyond a reasonable doubt. Appellant's conviction for aggravated vehicular homicide was therefore not against the sufficiency of the evidence.
 {¶ 23} Accordingly, appellant's first assignment of error is without merit.
 {¶ 24} Appellant's second assignment of error states:
 {¶ 25} "THE TRIAL COURT ERRED IN DENYING THE REQUEST BY THE DEFENDANT/APPELLANT FOR COMMUNITY CONTROL SANCTIONS."
 {¶ 26} In this case, appellant was convicted of aggravated vehicular homicide, which is a third-degree felony under R.C.2903.06(B)(3). For a third-degree felony, the sentencing court may impose a prison term of degree, the prison term shall be one, two, three, four, or five years. R.C. 2929.14(A)(3). For third-degree felonies that are not drug felonies, there is no presumption in favor or against a term of imprisonment. Griffin 
Katz, Ohio Felony Sentencing Law (2004 Ed.) 76, Author's Comments 2929.13-VII.
 {¶ 27} R.C. 2929.13(C) states that "in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
 {¶ 28} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 29} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing" and be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 30} The sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). In exercising that discretion, the court shall consider the factors set forth in R.C. 2929.12 (B) and (C) relating to the seriousness of the conduct and the factors provided in R.C. 2929.12 (D) and (E) relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. Id.
 {¶ 31} Appellant argues that even though he caused the victim's death, the seriousness of the offense was not weighed against the facts that appellant was remorseful for the accident, had no prior criminal record, was a single parent, and was the president and sole mechanic of Pony X Trucking. Appellant contends that community control sanctions would be a more appropriate punishment than a prison term.
 {¶ 32} The court stated in its judgment entry of sentence that it had considered all of the information presented at sentencing in light of R.C. 2911.11 and R.C. 2929.12. It noted that it had considered the death and the age of the victim, appellant's genuine remorse, and the fact that appellant had no prior criminal convictions. Therefore, it is apparent from the record that the trial court complied with the purposes and principles of sentencing under R.C. 2929.11 and with R.C. 2929.12
when it sentenced appellant to a term of imprisonment rather than community control sanctions.
 {¶ 33} Accordingly, appellant's second assignment of error is without merit.
 {¶ 34} Appellant's third assignment of error states:
 {¶ 35} "THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM PRISON SENTENCE UPON THE DEFENDANT/APPELLANT."
 {¶ 36} As indicated under appellant's second assignment of error, appellant was convicted of aggravated vehicular homicide, which is a third-degree felony under R.C. 2903.06(B)(3). For a third-degree felony, the sentencing court may impose a prison term of degree, the prison term shall be one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced appellant to a three-year term of imprisonment. Therefore, appellant's sentence implicates a more than minimum, felony sentencing situation.
 {¶ 37} While this appeal was pending, the Ohio Supreme Court held that the provision of the Revised Code relating to more than minimum sentences, R.C. 2929.14(B) is unconstitutional because it requires a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph one of the syllabus. (Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, followed.)
 {¶ 38} The Court went on to hold that the unconstitutional provision could be severed. Id., paragraph two of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 39} As an aside, we also note that the Ohio Supreme Court has affirmed decisions to remand because of Blakely even though the trial courts in those cases failed to make the statutorily required findings. See In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174
(affirming both State v. Baccus, 1st Dist. No. C-040028,2005-Ohio-3407, and State v. Mason, 8th Dist. No. 84061,2004-Ohio-5388).
 {¶ 40} Here, since the trial court's imposition of more than the minimum sentence was made while R.C. 2929.14(B) was effective and that section was subsequently found unconstitutional inFoster, appellant's sentence must be reversed.
 {¶ 41} After State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the trial court no longer needs to give reasons or findings prior to imposing maximum, consecutive, or more than the minimum sentences. The Court held that:
 {¶ 42} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 43} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 44} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. In Mathis, the Court clarifiedFoster adding:
 {¶ 45} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself.
 {¶ 46} As an aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after the Blakely decision was announced. The Ohio Supreme Court in Foster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05 MA 60,2006-Ohio-5653.
 {¶ 47} Accordingly, appellant's third assignment of error has merit.
 {¶ 48} The judgment of the trial court is hereby reversed and vacated in part as it relates to appellant's third assignment of error and imposition of more than minimum sentences and this matter remanded for resentencing consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The remainder of the trial court's decision is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.