OPINION
{¶ 1} Defendant-appellant, Kenyon McLaughlin, appeals his sentence in the Mahoning County Common Pleas Court for multiple counts of rape.
 {¶ 2} On January 13, 2005, a Mahoning County grand jury indicted appellant on multiple counts of rape. Counts one, two, and three were for rape in violation of R.C. 2907.02(A)(1)(b)(B), with felony/life specifications. Counts four through seven were for rape in violation of R.C. 2907.02(A)(2)(B), first-degree felonies. Appellant pleaded not guilty, was found indigent and appointed counsel.
 {¶ 3} Following numerous pretrial matters and after plea negotiations, plaintiff-appellee, State of Ohio, moved to amend the indictment. Count seven was dismissed and the language in counts one, two, and three regarding force was stricken making each count a first-degree felony. Appellant pleaded guilty to counts one through six.
 {¶ 4} On December 14, 2005, the trial court sentenced appellant to a four year term of imprisonment for each of the six counts and ordered that those terms be served consecutively with each other.[1] This appeal followed.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "APPELLANT'S SENTENCE WAS IMPOSED PURSUANT TO OHIO REVISED CODE §§ 2929.22-2929.14 IN VIOLATION OF THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION REQUIRING REMAND FOR RE-SENTENCING."
 {¶ 7} In this case, appellant pleaded guilty to three counts of rape (amended counts one, two, and three) in violation of R.C. 2907.02(A)(1)(b), all first-degree felonies under R.C. 2907.02(B). Appellant also pleaded guilty to three counts of rape (counts four, five, and six) in violation of R.C. 2907.02(A)(2), all first-degree felonies under R.C. 2907.02(B). For a first-degree felony, the sentencing court may impose a term of imprisonment of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court sentenced appellant to a term of imprisonment of four years on each of the six counts and ordered that those sentences be served consecutively with each other.
 {¶ 8} While this appeal was pending, the Ohio Supreme Court held that the provision of the Revised Code relating to consecutive sentences, R.C. 2929.14(E)(4) is unconstitutional because it requires a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus.(Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621, followed.)
 {¶ 9} The Court went on to hold that the unconstitutional provision could be severed. Id., paragraph four of the syllabus. Since the provisions could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 10} As an aside, it should also be noted that the Ohio Supreme Court has affirmed decisions to remand because of Blakely even though the trial courts in those cases failed to make the statutorily required findings. See In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174 (affirming both State v.Baccus, 1st Dist. No. C-040028, 2005-Ohio-3407, and State v. Mason, 8th Dist. No. 84061, 2004-Ohio-5388).
 {¶ 11} Here, the trial court found imposition of consecutive sentences was necessary to protect the public from future crime. The trial court found that the sentences were not disproportionate to the seriousness of appellant's conduct or the danger appellant poses. Additionally, the trial court found that the harm caused to the victim was great and unusual. Therefore, since the trial court's imposition of consecutive sentences was made while R.C. 2929.14(E)(4) was effective and that section was subsequently found unconstitutional in Foster, appellant's sentence must be reversed.[2]
 {¶ 12} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the trial court no longer needs to give reasons or findings of fact prior to imposing (1) a nonminimum term on an offender who has never served a prison term, (2) the maximum term, (3) consecutive terms, and (4) penalty enhancements for repeat violent offenders or major drug offenders. The Court held that:
 {¶ 13} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment
principles as they have been articulated.
 {¶ 14} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 15} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1. In Mathis, the Court clarified Foster adding:
 {¶ 16} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 17} As an additional aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives theBlakely issue for purposes of appeal when the sentencing occurred after the Blakely decision was announced. The Ohio Supreme Court inFoster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653.
 {¶ 18} Accordingly, appellant's sole assignment of error has merit.
 {¶ 19} The trial court's judgment entry of sentence is hereby reversed and this matter is remanded for resentencing consistent with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
Vukovich, J., concurs.
Waite, J., concurs.
[1] It should be noted that appellant was sentenced after Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, but before State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
[2] On June 9, 2006, appellee filed a brief with this Court conceding error and requesting a remand for resentencing.